# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD RANCH HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:17-cv-01900-APG-CWH<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 45) |

This case revolves around whether a deed of trust still encumbers property located at 6505 Za Zu Pitts Avenue #103 in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Federal National Mortgage Association (Fannie Mae) seeks a declaration that the deed of trust continues to encumber the property. Fannie Mae also seeks damages if the court rules its deed of trust on the subject property was extinguished by the HOA foreclosure sale. I previously dismissed the claims against defendant Hollywood Ranch Homeowners Association. ECF No. 46. Fannie Mae has moved for reconsideration of that decision. ECF No. 47.

Fannie Mae moves for summary judgment against the current property owners (defendants Nohemi Pena, Sarai Santana, Aldo Santana, and Samantha Santana), seeking a declaration that the deed of trust continues to encumber the property after the HOA foreclosure sale. These defendants have not answered the complaint, have not asserted any defenses, and did not oppose Fannie Mae's summary judgment motion.

/ / / /

/ / / /

/ / / /

/ / / /

## I. BACKGROUND

Nohemi Santana[1] purchased the property located at 6505 Za Zu Pitts Avenue #103 in Las Vegas, Nevada in 2007 through a loan from First National Bank of Nevada. ECF No. 45-1 at 2. That loan was secured by a deed of trust listing Nohemi Santana as the buyer, First National Bank of Nevada as the lender, DHI Title as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary of record as nominee for the lender and its assigns and successors. *Id.* at 2-3. In September 2007, Fannie Mae purchased the note and deed of trust, and has owned them ever since. ECF No. 45-7 at 3.

In March 2009, Hollywood Ranch recorded a notice of delinquent assessment because Nohemi Santana had failed to pay her HOA assessments. ECF No. 45-3. Hollywood Ranch recorded a notice of default and election to sell on January 20, 2010. ECF No. 45-4. In August 2010, MERS assigned the deed of trust to BAC Home Loans Servicing. ECF No. 45-2.

On August 21, 2012, Hollywood Ranch filed a notice of trustee's sale, with the sale set for September 19, 2012. ECF No. 45-5. The sale took place on that date and the property was sold to Hollywood Ranch for $8,263.96. ECF No. 45-6. At the time of the sale, Fannie Mae still owned the note and deed of trust, and Bank of America, N.A. was Fannie Mae's loan servicer. ECF No. 45-7 at 4. On February 11, 2015, Hollywood Ranch quitclaimed the deed to Nohemi Pena, Sarai Santana, Aldo Santana, and Samantha Santana. ECF No. 45-8.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] It is unclear whether Nohemi Santana (the former owner) is the same person as Nohemi Pena (one of the current owners). Regardless, Fannie Mae is entitled to judgment as a matter of law that the deed of trust still encumbers the property, so joinder of the former homeowner is not necessary because the HOA sale will not be aside.

1  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." Fannie Mae argues that under the federal foreclosure bar, the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned an interest in the property.

The question of whether the federal foreclosure bar applies to preserve Freddie Mac's interest in this property following the HOA's foreclosure sale of its superpriority lien is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Freddie Mac's interest in property without FHFA's affirmative consent. *Id.* at 927-31. Additionally, that court accepted as proof of ownership the same type of evidence offered in this case. *Id.* at 932-33.

The defendants offer no evidence raising a genuine dispute about Fannie Mae's interest, and they do not request relief under Federal Rule of Civil Procedure 56(d). Consequently, no genuine dispute remains that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale. Under the federal foreclosure bar and *Berezovsky*, this interest cannot be extinguished without FHFA's consent. I therefore grant Fannie Mae's motion for summary judgment.

/ / / /

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Federal National Mortgage Association's motion for summary judgment **(ECF No. 45) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on September 19, 2012 did not extinguish Federal National Mortgage Association's interest in the property located at 6505 Za Zu Pitts Avenue #103 in Las Vegas, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that on or before May 23, 2018, plaintiff Federal National Mortgage Association and defendant Hollywood Ranch Homeowners Association shall file a joint status report regarding whether, in light of this ruling, the motion to reconsider is moot, and whether the case can be closed.

DATED this 3rd day of May, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE